CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 12 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KATHERINE DEAL, et al. ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 7:08-CV-00575 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| VOLVO TRUCKS NORTH ) | |
| AMERICA, INC., and ) | By: Hon. Glen E. Conrad |
| DANIEL GRUBB, ) | United States District Judge |
| ) | |
| Defendants. ) | |

The plaintiffs, Katherine Deal, Linda Muller, and Debra Keener, filed this civil action against their employer, Volvo Trucks North America, Inc. ("Volvo"), and one individual, Daniel Grubb. The case is presently before the court on Defendant Grubb's motion to dismiss. For the following reasons, Defendant Grubb's motion to dismiss will be granted.

### Background

Plaintiffs Deal, Muller, and Keener were first hired by Volvo in 1997, 1998, and 1992, respectively. The plaintiffs allege that on August 18, 2006, Volvo posted openings for two Product Quality Auditor positions, for which all three plaintiffs were qualified. (Comp. at p. 3). A third Product Quality Auditor position was subsequently posted as well. The plaintiffs were the three finalists for the positions. The plaintiffs allege that, when Daniel Grubb determined that the finalists for the positions were all female, he "pulled the postings and subsequently reposted the positions changing the qualifications so as to disqualify [the plaintiffs] from qualifying for these positions with the sole discriminating intent of denying this position to these three female

finalists, on account of their gender." (Comp. at p. 4). All three positions were subsequently filled with men. (Comp. at p. 4).

The plaintiffs filed this civil action on November 5, 2008, naming Volvo and Daniel Grubb as defendants. The plaintiffs identify Daniel Grubb as a "supervisor and agent of Volvo who had the authority to determine the hiring of and promotion of Volvo employees for the position of Quality Product Auditor." (Comp. at pp. 1-2). The plaintiffs seek promotions to the position of Product Quality Auditor; awards for lost wages and benefits; compensatory damages to each of them totaling $300,000; punitive damages to each of them totaling $300,000; pre-judgment and post-judgment interest at the legal rate; and attorney's fees and costs. (Comp. at pp. 5-6).

On December 8, 2008, Daniel Grubb moved to dismiss the plaintiffs' complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted. Pursuant to the Scheduling Order filed on January 16, 2009, if a motion is opposed, a brief in opposition must be filed within 14 days of the Scheduling Order for motions served before the date of the Order. The plaintiffs failed to file a response to the motion.

## Discussion

Plaintiffs' claims for unlawful discrimination under Title VII must be dismissed to the extent that they are asserted against Daniel Grubb. As he explains in his motion to dismiss, it is well established that employees, including supervisors, are not liable in their individual capacities under Title VII. See Lissau v. Southern Food Serv., 159 F.3d 177, 181 (4th Cir. 1998) (holding that supervisors cannot be held liable in their individual capacities under Title VII

2

because they do not fall within the definition of an employer). The plaintiffs' complaint states that Grubb was "at all relevant times a supervisor and agent of Volvo." (Comp. at p. 1). Accordingly, the plaintiff's Title VII claims against the individual defendant, Daniel Grubb, must be dismissed.

## Conclusion

For the reasons stated, the motion to dismiss filed by the defendant will be granted, and defendant Daniel Grubb will be dismissed from the case.

The Clerk is directed to send certified copies of this memorandum opinion to the plaintiff and counsel of record for the defendants.

ENTER: This 12th day of May, 2009.

/s/ Glen E. Conrad
United States District Judge